IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EMPLOYERS & LABORERS LOCALS 100 )<br>& 397 PENSION, HEALTH, AND )<br>WELFARE ANNUITY FUND, )<br>  ) <br>    Plaintiffs, ) <br>  ) <br>v. ) <br>  ) <br>EHRET, INC. ) <br>  ) <br>    Defendant. ) | Case No. 19-cv-715-RJD |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on the Motion to Amend the Clerk's Judgment by Plaintiffs Employers & Laborers Locals 100 & 397 Pension, Health, Welfare, and Annuity Funds. Plaintiffs' Motion is unopposed (Doc. 29). As explained further, Plaintiffs' motion is **DENIED**.

Plaintiffs filed this suit on July 2, 2019 pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, *et seq*. On or about June 8, 2020, the parties advised the Court that they had settled. The undersigned ordered the Clerk of Court to enter a judgment of dismissal with prejudice on August 10, 2020. The parties were advised that if they failed to finalize settlement prior to August 10, 2020, they could move the Court to postpone the entry of judgment (Doc. 27). Neither party filed such a motion.

On July 28, 2020, counsel for Plaintiff emailed to the undersigned's chambers a copy of the settlement agreement between the parties, which stated that the parties agreed that judgment shall be entered for Plaintiffs in a certain amount. Along with the settlement agreement, counsel for Plaintiff attached a document to the email titled "Stipulation for Dismissal", but it was not

signed by the parties.  It stated that "the Court shall retain jurisdiction for the purpose of enforcing the terms of the Settlement Agreement" and "this case is dismissed, with prejudice."  The Court had not requested these documents.  Neither party filed a motion requesting that the Court adopt the parties' settlement agreement as part of the final judgment.  On August 11, 2020, the Clerk of Court dismissed this case with prejudice.  Later that day, Plaintiffs filed a Motion to Amend the Clerk's Judgment.

Plaintiffs do not cite the authority under which they are asking the Court to amend the Clerk's judgment.  Under Federal Rule of Civil Procedure 59(e), judgment may be altered or amended "when there is newly discovered evidence or there has been a manifest error of law or fact."  *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006).  A judgment that contains a clerical mistake may be corrected.  Fed. R. Civ. P. 60(a).  Plaintiffs appear to be arguing that the Court was mistaken when it dismissed this case with prejudice because the parties wanted the Court to enter the Stipulation for Dismissal.  However, there was no pending motion for the Court to consider the provisions of the Stipulation for Dismissal and therefore no mistake or error by the Court.  Fed. R. Civ. P. 7(b).  Furthermore, a stipulation for dismissal is signed and filed by the parties, not the Court.  Fed. R. Civ. P. 41(a)(1).

More importantly, the Court cannot simultaneously dismiss a case with prejudice and retain jurisdiction to enforce the terms of the settlement.  *Shapo v. Engle*, 463 F.3d 641, 643 (7th Cir. 2006).  An exception to this rule is where the Court issues an injunction ordering the terms of the settlement; the district court can enforce injunctions post-dismissal via contempt proceedings.  *Id*.  Here, however, no party moved the Court for an injunction prior to the Court's dismissal order.  Consequently, Plaintiff's Motion is **DENIED**.

**IT IS SO ORDERED.**

**DATED:   November 16, 2020**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**